IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO.  JKB-14-0479 |
| TIMOTHY HURTT, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

The Defendant Timothy Hurtt was sentenced to a period of 324 months' imprisonment after being found guilty of participating in a racketeering conspiracy, conspiracy to distribute a controlled substance, and conspiracy to use and carry a firearm during and in relation to a crime of violence and drug trafficking crime.  (Judgment at 1–3, ECF No. 673.)  Hurtt is currently incarcerated at USP Atwater.  He has now filed a Motion for Compassionate Release (ECF No. 990) in light of the COVID-19 Pandemic Crisis.  *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020.)  No hearing is necessary.  *See* Local Rules 105.6, 207 (D. Md. 2018).  For the reasons set forth below, the Motion will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Hurtt states that he submitted a request

1

for compassionate release to his warden and did not receive a response within 30 days. Though Hurtt submits no evidence that he indeed made this request, and this statement was not made under the penalty of perjury, the Court will assume without deciding that his motion is procedurally ripe. Therefore, the question facing the Court is whether Hurtt has provided evidence establishing the existence of "extraordinary and compelling" reasons for his release.

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: 1) a defendant has a terminal or serious medical condition; 2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; 3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or 4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). This Court and many others have determined that under the First Step Act, "BOP is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and that courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). This Court likewise has held that

"medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id. See also*, *United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish his entitlement to compassionate release by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Hurtt has failed to provide evidence establishing that he has a medical condition rendering him uniquely susceptible to COVID-19. Hurtt states that he has asthma, which the Centers for Disease Control have said "might" increase an individual's risk for "severe illness from COVID-19."[1] However, Hurtt has failed to provide medical records documenting the existence or severity of his condition. Absent such records, the Court is in no position to determine whether this preexisting condition actually "compellingly elevates [Hurtt's] risk of becoming seriously ill, or dying, from COVID-19." *Lewin*, 2020 WL 3469516, at *3. Additionally, the Court notes that according to the BOP website, there are currently only two confirmed active case of COVID-19 at USP Atwater, which indicates that Hurtt is not currently at a particularly heightened risk of contracting COVID-19. *See* COVID-19 Cases, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed July 6, 2020).

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Hurtt's legitimate concerns about his living situation. Even absent active cases of infection at a

---

[1] *See* People of Any Age with Underlying Medical Conditions, Ctrs. For Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed July 6, 2020).

given institution, the presence of the COVID-19 pandemic has required BOP to adopt procedures which have rendered life more difficult for many incarcerated individuals.  However, Hurtt's motion provides no basis upon which the Court can find "extraordinary and compelling reasons" for his release.  *See United States v. Taylor*, Crim. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release" absent individual special circumstances.).

Accordingly, Hurtt's Motion for Compassionate Release (ECF No. 990) is DENIED without prejudice to his ability to file an updated motion attaching medical records and any additional relevant documentation.

DATED this 6th day of July, 2020.

BY THE COURT:

/s/

James K. Bredar
Chief Judge